

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| DIANE C. FITZPATRICK, | ) CASE NO. 11-36577-H3-13 |
|  | ) |
| Debtor, | ) |
|  | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Extend Automatic Stay" (Docket No. 5) filed by the Debtor in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Diane C. Fitzpatrick ("Debtor") filed the voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on August 1, 2011.

Debtor was the debtor in five previous Chapter 13 cases: Debtor filed Case No. 08-35202-H4-13 on August 6, 2008. The first case was automatically dismissed for failure of Debtor to file all the documents required under 11 U.S.C. § 521, by order entered on October 15, 2008. Debtor filed Case No. 09-

30245-H3-13 on January 9, 2009.  The second case was automatically dismissed for failure of Debtor to file all the documents required under 11 U.S.C. § 521, by order entered on March 13, 2009.  Debtor filed Case No. 10-31129-H3-13 on February 8, 2010.  The third case was dismissed for failure of Debtor to file a mailing matrix, by order entered on February 24, 2010.  Debtor filed Case No. 10-31548-H3-13 on February 26, 2010.  The fourth case was dismissed on motion of the Chapter 13 Trustee for failure of Debtor to make Chapter 13 plan payments, and to make necessary amendments to the plan, schedules, and statement of financial affairs, by order entered on July 16, 2010.  Debtor filed Case No. 10-37669-H3-13 on September 3, 2010.  The fifth case was dismissed on motion of the Chapter 13 Trustee for failure of Debtor to make Chapter 13 plan payments, by order entered on February 14, 2011.

In the instant motion, Debtor seeks extension of the automatic stay pursuant to Section 362(c)(3)(B) of the Bankruptcy Code, as to all creditors, including American General and Springfield Financial.  (Docket No. 5).  The instant motion is opposed by Springleaf Financial, Inc.  (Docket No. 27).

In the instant case, Debtor did not obtain a prepetition briefing that outlined the opportunities for available credit counseling and assisted Debtor in performing a related budget analysis, as required by Section 109(h)(1) of the

2

Bankruptcy Code.  Instead, Debtor filed a certification that she requested counseling services but was unable to obtain such services, stating, "never received e-mail back and was involved with in-take of foster children."  Debtor has not obtained a credit counseling briefing within the 30 days after the date of filing of the petition.[1]

Debtor has filed schedules in the instant case, along with a statement of financial affairs and a plan.  Debtor testified at the hearing on the instant motion that she filed the instant case in order to "make the creditor prove the note, and produce any and all documents associated with the loan from the creditor," with respect to her home mortgage.  She admitted on cross-examination that she owes some money on her mortgage, but argued at the hearing on the instant motion that she was entitled to propose a plan providing for no payment of the home mortgage, and listed the mortgage creditor with a zero amount, because the creditor had not filed a proof of claim or sent mortgage statements to her.  She testified that, in the previous two

---

[1] Debtor testified that she received a notice from the court indicating that she had 45 days from the petition date to complete the briefing.  It appears that Debtor refers to the "Initial Order Outlining Debtors' Initial Responsibilities," (Docket No. 11), which provides in pertinent part that Debtor is ordered to "Attend the debtor education seminar, within 45 days." The debtor education seminar addressed in the order is a postpetition instructional course in personal financial management, not the required prepetition credit counseling briefing.

cases, she stopped making Chapter 13 plan payments because she had not received statements from the mortgage creditor.

Debtor's testimony regarding her financial situation is conclusory and speculative.  She testified that the reason she believes she is able to make the payments under the plan in the instant case is that the payments are lower than in the previous case.[2]  She testified that she anticipates starting new contracts in her trucking business in October, 2011.  She did not quantify the degree to which she believes her financial situation has changed since the dismissal of the previous case.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.[3]

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in

---

[2] This belief appears to be based on Debtor's contention that she does not owe her mortgage debt unless the creditor files a proof of claim.

[3] Springleaf Financial takes the position that no stay went into effect in the instant case.  However, the fourth case was dismissed on July 16, 2010, more than a year before the date of filing of the petition in the instant case.  Thus, unlike the fifth case, the fourth case was not pending within one year before the date of filing of the petition in the instant case.  See In re Lundquist, 371 B.R. 183 (Bankr. N.D. Tex. 2007).

interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(III) of the Bankruptcy Code, as it applies to Chapter 13 cases, provides that a case is presumptively filed not in good faith if there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case, or any other reason to conclude that the later case will be concluded with a confirmed plan that will be fully performed.

Debtor bears the burden of proof, by a preponderance of the evidence, as to whether there has been a substantial change of circumstances or other reason to believe that the new case will result in a confirmed plan that will be fully performed.  If the burden as to this issue is not met, a presumption applies that the instant case was not filed in good faith, and that presumption may be rebutted only by clear and convincing evidence.   In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, Debtor has failed to meet her burden of proof on the question of a substantial change of circumstances or other reason to conclude that a plan will be confirmed and fully performed.  In the previous two cases, Debtor unilaterally stopped making plan payments because of her ongoing dispute with the mortgage creditor, Springleaf Financial. Although Debtor may have new contracts for her business, there is

no indication that the change in her business is substantial, or that lack of funds played a role in her decision to stop making plan payments in the previous case. The court concludes that a presumption applies that the case was not filed in good faith.

Debtor has not rebutted the presumption by clear and convincing evidence. In light of Debtor's five previous cases, filed over the course of three years, her unilateral decision to stop making payments in two of the previous cases, her failure to file required documents in the previous cases, her failure to obtain the prepetition credit briefing in the instant case, and her failure to provide for any claim for Springleaf Financial, despite acknowledging that such a claim exists, the court concludes that the instant case was not filed in good faith.[4] The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered, denying the "Motion to Extend Automatic Stay" (Docket No. 5) filed by the Debtor in the above captioned case.

Signed at Houston, Texas on September 7, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4] The court would reach this conclusion, even if the presumption did not apply.